IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | :  Criminal Action No. |
| v. | :  2:19-CR-00024-SCJ-JCF |
| | : |
| LESLI ARROYO-ALVARADO, | : |

## NON-FINAL REPORT AND RECOMMENDATION

These cases are before the Court on Defendant's Motion To Sever. (Doc. 57). For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **DENIED.**

## Factual and Procedural Background

Count One of a 20-count Indictment filed on May 29, 2019 (Doc. 32) charges Defendant, along with co-defendants Teofilo Carlos Santana Medrano, Mitchell Lingerfelt, Michael Johnny Davis, Timothy Barnes, Maria Isabel Gonzalez Maldonado, and John Johnson, with conspiracy to possess with intent to distribute methamphetamine and to distribute methamphetamine, from January 1, 2018 until May 8, 2019. Defendant and Defendant Santana Medrano are also charged in Count Four with distributing methamphetamine on June 20, 2018, and she is charged in Count Six with Santana Medrano with distributing methamphetamine on September 13, 2018. The remaining counts charge Santana Medrano, either by himself or with other Defendants, with possessing with intent to distribute or distributing

1

methamphetamine on various dates, all within the period of the conspiracy. (*See* Counts 2, 3, 5, 7-20). Defendant has moved to sever the trial of her case from her co-defendants. (Doc. 57). The Government opposes the motion (Doc. 61); Defendant did not submit a reply. With briefing on the motion complete, the Court turns to its merits.

## Discussion

Defendant moves to sever the trial of her case—presumably pursuant to Fed. R. Crim. P. 8(b) for improper joinder and pursuant to Fed. R. Crim. P. 14 to prevent compelling prejudice—because "[a] review of the indictment shows that the charges involve vastly different defendants and criminal actions" and "the charges against her appear to be of an entirely different nature than the evidence and charges against her co-defendants." (Doc. 57 at 1-2). She also moves to sever pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). (*Id.* at 2).

### I. Whether Defendants Were Properly Joined Under Rule 8(b)

Rule 8(b) provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b). "To meet the 'same series of acts or transaction' requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that

2

each participant participate in all acts or even know the other participants' roles in the alleged activities.' " *United States v. Taylor*, No. 1:16-CR-145-TWT-JKL-13, 2018 U.S. Dist. LEXIS 179282, at *25 (N.D. Ga. Mar. 23, 2018) (quoting *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992)), *adopted by* 2018 U.S. Dist. LEXIS 179068 (N.D. Ga. Oct. 18, 2018).  Moreover, "[j]oinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy."  *Id.* (citing *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985)); *see also United States v. Kopituk*, 690 F.2d 1289, 1313 (11th Cir. 1982) ("It is well established that substantive offenses arising out of a single conspiracy can properly be joined, since the conspiracy provides a common link connecting the offenses.").  "The general rule is that defendants indicted together should be tried together, especially in conspiracy cases."  *Taylor*, 2018 U.S. Dist. LEXIS 179282, at *25 (citing *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009)).

Here the Indictment charges all Defendants with participating in a conspiracy to possess with intent to distribute and to distribute methamphetamine, and then charges each Defendant with the substantive offense of possessing with intent to distribute and/or distributing methamphetamine during the alleged period of the conspiracy.  (Doc. 32).  Given those allegations, "the Court readily concludes that joinder is proper under the 'same series of acts or transaction' requirement of Rule 8(b)." *Taylor*, 2018 U.S. Dist. LEXIS 179282, at *26.  The undersigned therefore finds that Defendants are properly joined under Rule 8(b).  *See, e.g.*, *Taylor*, 2018

3

U.S. Dist. LEXIS 179282, at *25-26 (rejecting defendant's argument that "because the indictment alleged that he was involved in just one incident that involves one of his codefendants," he was improperly joined with other alleged members of a conspiracy); *United States v. Johnson*, No. 1:16-CR-145-TWT-JKL-19, 2017 U.S. Dist. LEXIS 222046, at *10-11 (N.D. Ga. Oct. 5, 2017) (rejecting defendant's argument that he was improperly joined under Rule 8(b) "because the government has not provided any argument that links him or the alleged drug transactions to the alleged racketeering conspiracy or enterprise" in light of the fact that the indictment alleged he was a member of a conspiracy and was involved in drug transactions in furtherance of that conspiracy), *adopted by* 2018 U.S. Dist. LEXIS 177402 (N.D. Ga. Oct. 15, 2018); *United States v. Omar*, No. 1:12-cr-00264-SCJ-RGV, 2012 U.S. Dist. LEXIS 185208, at *2, 19-20 (N.D. Ga. Dec. 7, 2012) (finding that the defendant was properly joined with co-defendants where he and the other co-defendants were charged with one count of conspiring to commit bribery and the defendant was charged with bribery in one of the other counts).

## II.   Whether Cases Should Be Severed Pursuant To Rule 14(a)

Even where joinder is proper, however, Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." When joinder is proper under Rule 8, "a district court should grant a severance under Rule 14 only if

there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  A court addressing a motion for severance under Rule 14 is to "balance the rights of the defendants and the government to a trial that is free from the prejudice that may result from joint trials against the public's interest in efficient and economic administration of justice." *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001) (quoting *United States v. Pepe*, 747 F.2d 632, 649 (11th Cir. 1984)).

The Eleventh Circuit has noted that "[i]nherent in every joint trial is, of necessity, some degree of bias." *United States v. Lippner*, 676 F.2d 456, 464 (11th Cir. 1982) (quotation omitted).  The court explained in *Lippner* that "a severance under Rule 14 is discretionary with the trial judge," and "[o]nly in the event such prejudice appears to be compelling does severance become warranted." *Id.* at 464 (quotation omitted).  The test for "compelling prejudice" involves assessing

> [w]hether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?  If so, though the task be difficult, severance should not be granted.

*Id.* (quotation omitted).  "The burden is on the defendant to demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense."

5

*United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (quotation omitted). "This is a heavy burden, and one which mere conclusory allegations cannot carry." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quotation omitted). Furthermore, "if the possible prejudice may be cured by a cautionary instruction[,] severance is not required." *Id.* at 387.

Defendant has not met her heavy burden of showing that severance is required to prevent compelling prejudice to her if she is jointly tried with her co-defendants. She conclusorily asserts that "the charges against her appear to be of an entirely different nature than the evidence and charges against her co-defendants" (Doc. 57 at 2), thus arguably invoking the specter of a prejudicial "spillover" effect of the jury not being able to distinguish between evidence concerning her co-defendants unrelated to Defendant and the possibility the jury may impute guilt to Defendant based on charges against and evidence concerning a co-defendant. But "[a] disparity in the evidence admissible against one defendant as compared to his co-defendant is not a sufficient basis for a severance." *United States v. Goduto*, No. 1:11-CR-230-JEC-GGB, 2011 U.S. Dist. LEXIS 152750, at *6-7 (N.D. Ga. Nov. 29, 2011), *adopted by* 2012 U.S. Dist. LEXIS 12723 (N.D. Ga. Feb. 2, 2012). Similarly, "[t]he mere fact that some evidence is admissible against certain defendants and not others does not require severance." *United States v. Melvin*, 143 F. Supp. 3d 1354, 1369 (N.D. Ga. 2015); *see also United States v. Repke*, No. 1:10-CR-524-ODE-RGV, 2011 U.S. Dist. LEXIS 37492, at *18 (N.D. Ga. Mar. 11, 2011) ("Furthermore,

6

'severance is not required if some evidence is admissible against some defendants and not others and a defendant is not entitled to severance because the proof is greater against a co-defendant.' " (quoting *United States v.* Jones, No. 1:06-CR-140, 2007 U.S. Dist. LEXIS 15927, at *13 (E.D. Tenn. Mar. 6, 2007)), *adopted by* 2011 U.S. Dist. LEXIS 37485 (N.D. Ga. Apr. 6, 2011). Defendant's "concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to [her] is a concern in virtually any multi-defendant conspiracy case where the participants have disparate levels of participation." *Taylor*, 2018 U.S. Dist. LEXIS 179282, at *27. "As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a minimal level of participation in the conspiracy." *Id.* (citing *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989)).

Critically, Defendant has not provided this Court with a basis for concluding that the jury will not be able to follow the Court's instructions, including those governing the jury's consideration of evidence as to each defendant. *See Zafiro*, 506 U.S. at 541; *Goduto*, 2011 U.S. Dist. LEXIS 152750, at *6-7. Many jury instructions are designed to mitigate the potential prejudicial effect of jointly trying defendants. For example, the Eleventh Circuit Pattern Jury Instructions for Criminal Cases include instructions on requiring the jury to consider each charge against each defendant separately, and directing the jury that a conclusion that one defendant's

7

guilt should not affect the jury's verdict as to other defendants.  *See, e.g.*, *United States v. Lisbon*, 835 F. Supp. 2d 1329, 1371 (N.D. Ga. 2011) (considering pattern jury instructions in concluding severance was not warranted).  If needed, the trial judge has the authority to craft additional limiting instructions.  Accordingly, Plaintiff has not shown that severance pursuant to Rule 14 is warranted.

### III.   Severance Pursuant To *Bruton*

Defendant also moved to sever the trial of her case from her co-defendants pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) "to the extent that any of their statements refer to and implicate" her.  (Doc. 57 at 2).  In *Bruton*, the Supreme Court "held that a defendant is deprived of his rights under the [Sixth Amendment's] Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987). In response to Defendant's motion, the Government asserts that it "does not anticipate that there will be any Bruton problems that will necessitate a severance" because "at this time the Government does not intend to introduce a statement made by a co-defendant that implicates defendant." (Doc. 61 at 3).  The Government represents that it "is well aware of its obligations under *Bruton*, so if anything changes, the Government will alert defense counsel and the Court."  (*Id.*).   In light of the Government's representations, Defendant's motion to sever based on *Bruton* concerns should be denied without

prejudice to her right to renew the motion in the event the Government seeks to introduce a statement that would implicate those concerns.

Because Defendant has not shown that joinder is improper, that compelling prejudice will result from a joint trial with her co-defendants, or that *Bruton* requires severance, it is **RECOMMENDED** that her motion to sever (Doc. 57) be **DENIED without prejudice** to her right to renew the motion if circumstances at trial support severance.  *See, e.g.*, *Kopituk*, 690 F.2d at 1316 (noting that the trial court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear" (internal quotation omitted)); *United States v. Hughes*, No. 2:08-CR-0019-RWS-SSC, 2008 U.S. Dist. LEXIS 109585, at *11 (N.D. Ga. Oct. 3, 2008) ("Should it become apparent at a later point in the prosecution of this case that prejudice to Defendant from trial of all [defendants] together is 'clearly beyond the curative power of a cautionary instruction,' Defendant may renew his motion."), *adopted by* 2009 U.S. Dist. LEXIS 69023 (N.D. Ga. Aug. 4, 2009).

**IT IS SO REPORTED AND RECOMMENDED** this <u>18th</u> day of <u>September</u>, 2019.

<u>/s/ J. Clay Fuller</u><br>J. Clay Fuller<br>United States Magistrate Judge

9